IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2017 FEB 27  P 2: 45

CLERK'S OFFICE
AT GREENBELT

BRIAN ANTHONY BECHTOLD, #10902    *

    Plaintiff,    *

v.    *       Case No.: GJH-17-69

        *

GOVERNOR LAWRENCE HOGAN, et al.,    *

    Defendants.    *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

Brian Anthony Bechtold ("Plaintiff") filed the instant civil rights action against state officials and personnel, seeking injunctive relief and damages. ECF No. 1. Plaintiff has also filed a Motion for Leave to Proceed In Forma Pauperis, ECF No. 2, which shall be granted.  For the following reasons, Plaintiff's Complaint shall be dismissed without prejudice.

## I.    BACKGROUND

Plaintiff, who is confined at Clifton T. Perkins State Hospital ("CTPH"), claims that when female CTPH patients are classified to medium security, they are sent to CTPH's "North Side" minimum security housing and "are released to the community faster and released." ECF No. 1 at 3.  He complains that although he was approved for and sent to medium security in 2010 and subsequently in 2016, he has never been sent to minimum security. *Id.*  Plaintiff generally

complains that he has been held for many years and that he has been treated unfairly due to his race and gender, in violation of his constitutional rights. *Id.* He seeks $75,000,000.00 in damages, and he asks that CTPH be shut down by NATO troops or that the Warden from the Maryland Correctional Institution of Jessup take over operations for CTPH. *Id.*

The Maryland state court docket reveals that in 1992, Brian Anthony Bechtold was charged with two counts of murder in the Circuit Court for Montgomery County, was found not criminally responsible, and was committed to Clifton T. Perkins State Hospital ("CTPH") for inpatient care and treatment. *See State v. Bechtold*, CAEF 65215C (Montgomery Cty. Cir. Ct. 1992), Dkt. No. 41.[1] The docket shows that Plaintiff has received periodic review of his commitment and applications for release. *Id.* at Dkt. Nos. 70, 97. The applications have been denied and Plaintiff's continued commitment was ordered by a circuit court judge. *Id.*

On January 9, 2017, the Court received for filing Plaintiff's action, brought under 42 U.S.C. § 1983. ECF No. 1.

## II.    DISCUSSION

Pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and 28 U.S.C. §1915A, the Court must dismiss a complaint filed in forma pauperis or by a prisoner seeking civil redress against a government entity or officer if it fails to state a claim upon which relief may be granted. *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012). Although complaints filed by pro se plaintiffs should be liberally construed, *see Harris v. Janssen Healthcare Prods.*, No. ELH-15-2730, 2015 WL 5897710, at *2 (D. Md. Oct. 6, 2015), such a complaint must plead facts sufficient to "state a

---

[1] The state court docket can be accessed at http://casesearch.courts.state.md.us/casesearch (last visited February 21, 2017).

claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Harris*, 2015 WL 5897710, at \*2 (stating that the pleading standard articulated in *Twombly* applies to cases filed by self-represented plaintiffs). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.").

Plaintiff filed his Complaint under 42 U.S.C. § 1983, which "authorizes a party who has been deprived of a federal right under the color of state law to seek relief through an action at law, suit in equity, or other proper proceeding for redress." *City of Monterey v. Del Montes Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999) (internal quotations omitted). The statute "is not itself a source of substantive rights, but merely provides a method of vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotations omitted).

Plaintiff appears to allege that Defendants discriminated against him in violation of the Equal Protection Clause of the Fourteenth Amendment.[2] Plaintiff broadly claims that he has

---

[2] Plaintiff also references the Eighth Amendment in his Complaint. ECF No. 1 at 3. To establish a *prima facie* case challenging conditions of confinement under the Eighth Amendment, a plaintiff must show both "(1) a serious deprivation of a basic humane need; and (2) deliberate indifference to prison conditions on the part of prison officials." *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991) (internal citation omitted). In order to demonstrate that he has met the first prong of the test articulated in *Williams*, a plaintiff must provide "evidence of a serious medical and emotional deterioration attributable to the challenged condition." *Strickler v. Waters*, 989 F.2d 1375, 1380 (4th Cir. 1993) (internal citations and quotations omitted). Here, Plaintiff has referenced the Eighth

Case 8:17-cv-00069-GJH  Document 3  Filed 02/27/17  Page 4 of 6

been discriminated against due to his race, without providing any further detail. ECF No. 1 at 3. Plaintiff also claims that he has been discriminated against due to his sex, alleging that female patients with medium security badges are sent to "minimum security level status on the North Side" of CTPH and that they are "released faster." *Id.*

The Equal Protection Clause requires that "the classification of persons [to] which a law applies must be 'reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation.'" *Sylvia Dev. Corp. v. Calvert Cty.*, 48 F.3d 810, 818 (4th Cir. 1995) (quoting *Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920)).

To establish a *prima facie* case for violation of equal protection, a plaintiff must show first "that he has been treated differently from others with whom he is similarly situated," and second "that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). "If a plaintiff makes this initial showing, the court analyzes the disparity under the appropriate level of scrutiny." *Sandlands C & D LLC v. Cty. of Horry*, 737 F.3d 45, 55 (4th Cir. 2013) (citing *Morrison v. Garraghty*, 239 F.3d at 654).[3]

---

Amendment in proximity to his requests for access to cable television and video games, as well as nine hours of outside recreation time each day. ECF No. 1 at 3. However, Plaintiff has neither alleged an emotional or physical injury, nor has he provided any facts related to his current conditions of confinement. Therefore, his Eighth Amendment claim fails.

[3] Plaintiff claims that he has been discriminated against as a result of his race and gender. ECF No. 1 at 3. Outside of the context of prison regulations, courts apply different tiers of scrutiny depending on the classification the law makes. *See Morrison*, 239 F.3d at 654-55. Race-based classifications are subject to strict scrutiny, meaning that "such classifications are constitutional only if they are narrowly tailored measures that further compelling governmental interests." *Anarand Constructors, Inc. v. Pena*, 515 U.S. 200, 227 (1995). Gender-based classifications are subject to intermediate scrutiny, meaning that "classifications by gender must serve important governmental objectives and must be substantially related to achievement of those objectives." *Craig v. Boren*, 429

To meet the first prong, the "similarly situated" standard, a plaintiff must "identify persons materially identical to him…who have received different treatment." *Applegate, LP*, 179 F. Supp. 3d at 533 (quoting *Kolbe v. Hogan*, 813 F.3d 160, 185 (4th Cir. 2016), *reh'g granted*, 636 F. App'x 880 (4th Cir. 2016) (mem.); *see also Bourne v. S.W. Va. Reg'l Jail*, No. 7:14CV00140, 2014 WL 2930053, at *3 (W.D. Va. June 27, 2014) (finding that the plaintiff had "not shown that he shares all relevant classification factors with the inmates in the areas he compares" because "his security level, the stage of his trial proceedings, his home, his criminal history, and dozens of other factors" could legitimately account for his different treatment).

To meet the second prong, a plaintiff must prove "that there was 'clear and intentional' discrimination." *Cent. Radio Co., Inc. v. City of Norfolk*, 811 F.3d 625, 635 (4th Cir. 2016) (quoting *Sylvia Dev. Corp.*, 48 F.3d at 825 (internal citations omitted)).  Factors that are probative in determining intent include:

> (1) evidence of a 'consistent pattern' of actions by the decision making body disparately impacting members of a particular class of persons; (2) historical background of the decision, which may take into account any history of discrimination by the decision making body or the jurisdiction it represents; (3) the specific sequence of events leading up to the particular decision being challenged, including any significant departures from normal procedures; and (4) contemporary statements by decision makers on the record or in minutes of their meetings.

*Central Radio Co., Inc.*, 811 F.3d at 635 (quoting *Sylvia Dev. Corp.*, 48 F.3d at 819) (internal

---

U.S. 190, 197 (1976).  "Class of one" claims, which arise when the plaintiff alleges a violation of the Equal Protection Clause but does "not allege membership in a class or group," are subject to rational basis review, *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (internal citation omitted), meaning that the classification is constitutional "so long as it bears a rational relation to some legitimate end." *Romer v. Evans*, 517 U.S. 620, 631 (1996).  However, all prison regulations are valid if "reasonably related to legitimate penological interests and not an exaggerate response to a particular concern," regardless of the classification.  *Morrison*, 239 F.3d at 655 ("This more deferential standard applies even when the alleged infringed constitutional right would otherwise warrant higher scrutiny.").

citations omitted).

Plaintiff has not satisfied the "similarly situated" element of an equal protection claim, because he failed to take into account *any* factors that would be relevant in comparing inmates, including the severity of the crime committed, length of detention, or behavior during period of confinement, among others.  Indeed, the fact that Plaintiff is incarcerated for two charges of murder could reasonably explain why other inmates may have been released more quickly in comparison to Plaintiff.  Even if Plaintiff had satisfied the "similarly situated" element, he has not alleged any facts that would lead this Court to find that Defendants acted with discriminatory intent.

In sum, Plaintiff has not alleged any facts to show who actually discriminated against him, exactly how he was discriminated against, and why he believes his race and gender are the reasons he became the subject of discrimination. In the absence of these facts, Plaintiff has failed to state an equal protection claim upon which relief may be granted.

## III.   CONCLUSION

For the reasons stated herein, the Complaint will be denied and dismissed without prejudice.  A separate Order follows.

Date:   February **27**, 2017

GEORGE J. HAZEL
United States District Judge